LOWELL GAS LIGHT COMPANY *vs.* SAMUEL BEAN.

After verdict for a demandant, a motion for a new trial on the ground that the verdict was against evidence, and that the facts which his whole evidence tended to prove were insufficient in law to authorize the verdict, is addressed to the discretion of the court, and to its decision no exception lies.

HOAR, J. After a verdict for the demandants in a writ of entry, the tenant moved for a new trial, 1. Because the verdict was against evidence; 2. Because the facts which the whole evidence introduced by the demandants tended to prove were insufficient in law to authorize a verdict for the demandants. The motion was overruled, and the tenant took exceptions.

We are of opinion that these exceptions cannot be supported. A demurrer to the evidence cannot be taken after verdict. If the tenant desired to avail himself of such an objection, as a

matter of law, he should have made it at the trial. If a case has been once tried, upon instructions as to the law not objected to, and upon evidence properly admitted, a motion for a new trial is addressed to the discretion of the court. If the objection were seasonably made, the defect in the evidence, which might be accidental or a matter of oversight, would perhaps be at once supplied.

The seventh section of Gen. Sts. *c.* 115, provides, that " or motions for a new trial, and in all cases, a party aggrieved by an opinion, ruling, direction. or judgment of the court in matters of law, may allege exceptions thereto." But we cannot suppose that it was intended by this provision to allow a party to present a second time, as matters of law upon a motion for a new trial, all the matters of law which arose or might have arisen during the trial, and upon which no question of law was then made or reserved. Upon motions for a new trial, new questions of law may arise ; and if the decision of the motion rests or depends upon them, they may be proper subjects of revision by the court above. But if the judge were not asked to rule upon the legal effect of the evidence at the trial, he is not obliged to report the evidence for the purpose of raising such a question after verdict. And there is no other legitimate mode in which the evidence can be put upon the record for the consideration of the court.                    *Exceptions overruled.*

*J. N. Marshall,* for the tenant.

*B. F. Butler & W. P. Webster,* for the demandants, were not called upon.